# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARRY BRADFORD,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBERS
DA-0752-15-0186-I-1
DA-1221-15-0155-W-1

DATE: February 8, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sarah L. McKinin, Esquire, and Debra D' Agostino, Esquire, Washington, D.C., for the appellant.

James T. Hedgepeth and Charles R. Vaith, Esquire, Joint Base San Antonio-Randolph, Texas, for the agency.

### BEFORE
Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal and affirmed the agency's removal action. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Except as expressly MODIFIED to consider the disparate penalty analysis set forth in *Singh v. U.S. Postal Service*, 2022 MSPB 15, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In a May 21, 2014 decision, the agency suspended the appellant for 10 days for his alleged failure to carry out assigned work in a reasonable period of time, insubordinate defiance of authority, and refusal to comply with proper orders. *Bradford v. Department of the Air Force*, MSPB Docket No. DA-0752-15-0186-I-1, Initial Appeal File (IAF), Tab 7 at 317-18, 331. On October 20, 2014, the agency proposed to remove him for refusal to follow orders and conduct unbecoming a Federal employee arising from his conduct on May 21, 2014, when his third-level supervisor, Lieutenant Colonel D.L. (D.L.), and another employee, Master Sargent S.S. (S.S.), attempted to deliver the suspension decision to him. *Id.* at 275-76. The proposed removal notice alleged that, on May 21, 2014, the appellant twice refused D.L.'s instructions to meet with him and twice disregarded his orders to remain in place, pushing past him and departing the room they occupied. *Id.* at 274. The proposal notice alleged that the appellant

made contact with D.L.'s body the first time he pushed past him to exit the room and made contact with both D.L.'s and S.S.'s bodies the second time he pushed past them and left the room. *Id.* The appellant, through counsel, responded orally and in writing to the proposed removal. *Id.* at 18, 25-49. The agency imposed the removal, effective December 17, 2014. *Id.* at 18-20.

¶3 On December 23, 2014, the appellant filed an IRA appeal challenging the 10-day suspension. *Bradford v. Department of the Air Force*, MSPB Docket No. DA-1221-15-0155-W-1, Initial Appeal File, Tab 1. On January 15, 2015, he appealed his removal to the Board, raising affirmative defenses of reprisal for protected whistleblowing disclosures and activity, retaliation for equal employment opportunity (EEO) activity, and harmful procedural error, and arguing that the penalty of removal was unreasonable. IAF, Tab 1. The administrative judge joined the appeals for processing. IAF, Tab 6 at 1.

¶4 After holding the appellant's requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action and affirming the agency's removal action. IAF, Tab 30, Initial Decision (ID). In denying the appellant's request for corrective action, the administrative judge found that, although the appellant made nonfrivolous allegations sufficient to establish Board jurisdiction over his IRA claim and established his prima facie case by preponderant evidence, the agency showed by clear and convincing evidence that it would have suspended him even absent his whistleblowing disclosures and activity. ID at 3-5, 13-19. In affirming the removal, the administrative judge sustained the agency's two charges, denied the appellant's affirmative defenses, found nexus between the charges and the efficiency of the service, and concluded that the penalty of removal was reasonable. ID at 6-12, 19-30.

¶5 The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to his petition for review. Petition for Review (PFR) File, Tabs 3, 5. On review, the appellant argues that the

administrative judge erred in denying his affirmative defense of retaliation for protected EEO activity and in finding the removal penalty reasonable.[2]  PFR File, Tab 3 at 5, 15-28.

<u>The administrative judge correctly found that the penalty of removal was reasonable for the sustained charges.</u>

¶6      When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness.  *Davis v. U.S. Postal Service*, <u>120 M.S.P.R. 457</u>, ¶ 6 (2013) (citing *Douglas v. Veterans Administration*, <u>5 M.S.P.R. 280</u>, 306 (1981)).  In determining whether the selected penalty is reasonable, the Board defers to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency.  *Id.*  The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but instead to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness.  *Id.*  Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness.  *Id.*

¶7      The administrative judge found that the deciding official considered the relevant factors in imposing the appellant's removal, including his length of service, his prior discipline, his favorable performance appraisals, the consistency of the penalty, and the seriousness of his misconduct.  ID at 27.  She agreed with the deciding official's assessment that the appellant's conduct—engaging in a

---

[2] The appellant does not challenge the administrative judge's denial of his request for corrective action in his IRA appeal.  PFR File, Tab 3.  He also does not challenge the administrative judge's findings that the agency proved both charges underlying the removal and established nexus, or her determination that he failed to establish his other affirmative defenses.  *Id.*  We discern no reason to disturb these findings.

physical altercation with a supervisor, repeatedly failing to follow orders, and unprofessional conduct—was serious and concluded that the removal penalty was not unreasonable. ID at 27, 30. The administrative judge considered the appellant's argument that the physical contact with D.L. and S.S. was self-defense, unintentional, and provoked, but found that the appellant failed to prove these alleged mitigating factors. ID at 27-28. She also considered his disparate penalties claim but found that he failed to identify a similarly situated employee who was treated more leniently by the agency. ID at 29.

¶8        On review, the appellant argues that the administrative judge erred in finding that the penalty was reasonable because D.L. and S.S. also engaged in conduct unbecoming on May 21, 2014, but were not disciplined. PFR File, Tab 3 at 20-28. To establish disparate penalties, the appellant must show that the charges and circumstances surrounding the charged behavior are substantially similar. *Archuleta v. Department of the Air Force*, 16 M.S.P.R. 404, 407 (1983). If an appellant makes such a showing, then the agency must prove a legitimate reason for the difference in treatment by a preponderance of the evidence before the penalty can be upheld. *Woody v. General Services Administration*, 6 M.S.P.R. 486, 488 (1981). The administrative judge relied on the standard as set forth in *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶5-6, 15 (2010), and *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶¶20, 24 (2012), in finding that the appellant did not meet his burden of identifying a similarly situated employee. ID at 29 (citing to cases relying on *Lewis* and *Boucher*). Since the initial decision was issued, the Board has overruled *Lewis* and subsequent cases to clarify that, when analyzing a disparate penalty claim, broad similarity between employees is insufficient to establish that they are appropriate comparators, and the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Singh*, 2022 MSPB 15, ¶ 14. We modify the initial decision accordingly.

¶9    As noted above, the administrative judge found that the appellant failed to trigger the agency's burden of proving a legitimate reason for the difference in treatment because he failed to identify any similarly situated employee. ID at 29. The appellant argues on review that D.L. and S.S. are similarly situated comparators who were treated more favorably by the agency because they engaged in "similarly unprofessional behavior and/or behavior that could fall into the category of conduct unbecoming" when, on May 21, 2014, they cornered him in the orderly room; blocked his exit; made unwelcome physical contact with his body; engaged him in the bathroom, where he had an expectation of privacy; and blocked him on the stairs, causing him to "bump" into S.S. PFR File, Tab 3 at 23-24. The appellant further argues that it was unreasonable for D.L. and S.S. to insist on delivering the suspension notice to him that day in person, rather than by email or regular mail, and that their actions are "of [an] equal, if not greater, level of unprofessionalism" than the appellant's reactions to their "extraordinary actions." *Id.* at 25.

¶10    Even if true, the appellant's characterization of how the events transpired on May 21, 2014, would not establish that D.L. or S.S. refused to follow any, much less multiple, orders, as he did. Furthermore, in sustaining the conduct unbecoming charge, the administrative judge considered the appellant's characterization of the various interactions with D.L. and S.S. on the day in question—including his contentions that D.L. initiated the physical contact, that his intentional physical contact was limited to removing D.L.'s hand from his chest, and that he merely stumbled over D.L.'s legs or feet on the stairway, causing him to inadvertently come into contact with S.S.—but found these descriptions unpersuasive. ID at 11-12. In so finding, the administrative judge determined that the appellant's testimony regarding these incidents was less credible than the testimonies of D.L. and S.S., which were consistent with each other and with contemporaneous statements and corroborated by another witness's statement. *Id.* In light of the hearing testimonies and record evidence,

the administrative judge found that the appellant's physical contact with D.L. was more forceful than he described and concluded that the appellant pushed D.L. in the orderly room and pushed S.S. in the stairway. *Id.*

¶11     The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge made credibility determinations based on hearing testimony, and the appellant has failed to provide any reason on review to overturn these well-reasoned determinations. Rather, he essentially asks us to reweigh the evidence and to reach a different conclusion than that of the administrative judge concerning the nature of events on May 21, 2014. We decline to do so. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility). Accordingly, given the administrative judge's finding that the appellant failed to identify any similarly situated employee under the more lenient *Lewis* standard, we find that, regardless of whether the appellant's claim was analyzed under the *Lewis* or *Singh* standards, the appellant has not met his initial burden on his disparate penalty claim. We further find that, contrary to the appellant's argument on review, the agency's burden to explain any difference in treatment has not been triggered. PFR File, Tab 3 at 25.

¶12     The appellant also argues on review that the penalty should be mitigated because his actions on May 21, 2014, constituted self-defense and because D.L. and S.S. provoked him. *Id.* at 25-28. As discussed above, however, the administrative judge considered the appellant's alternate characterization of the events on May 21, 2014, and concluded that the testimonies of D.L. and S.S. were more credible than the appellant's testimony. ID at 11-12. She also found no

merit to the appellant's allegations of self-defense or provocation, concluding that the appellant did not present any evidence suggesting that he was subject to any attack by D.L. or by S.S. and that, while it is clear that D.L. and S.S. were persistent in their efforts to meet with him, there was no evidence that they posed any physical threat to him. ID at 27-28. Thus, she concluded that self-defense and provocation were not appropriate mitigating factors. ID at 28. The appellant has failed to provide any basis to disturb these credibility-based findings on review. *See Crosby*, 74 M.S.P.R. at 105-06.

<u>The administrative judge correctly denied the appellant's affirmative defense of EEO retaliation in connection with his removal appeal.</u>

¶13 When an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015),*overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. In determining whether the appellant has met his initial burden to show a motivating factor, the Board must consider all of the evidence together as a whole without sorting evidence into different piles, labeled "direct" or "indirect," that are evaluated differently. *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 36 (2017). The relevant inquiry here is whether, on the basis of all of the evidence, the appellant has shown by preponderant evidence that discriminatory animus was a motivating factor in his removal. *See id*. Such a showing is sufficient to establish that the agency violated 42 U.S.C. § 2000e-16, thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *Savage*, 122 M.S.P.R. 612, ¶ 51. If the appellant meets this initial burden, the Board then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action in the absence of the discriminatory or retaliatory motive. *Id*. If the Board

finds that the agency has made that showing, its violation of 42 U.S.C. § 2000e-16 will not require reversal of the action. *Id.*[3]

¶14    The record reflects that the appellant contacted the EEO office in April 2014, alleging that D.L. made discriminatory remarks during a meeting when he suggested that the appellant sign his name with an "X" on the sign-out log. IAF, Tab 25 at 167-68. During his hearing testimony, D.L. testified that the EEO office notified him on April 15, 2014, that the appellant believed that his suggestion that he sign with an "X" was a reference to slavery or a suggestion that he was illiterate. IAF, Tab 29, Hearing Compact Disc (Mar. 3, 2014) (testimony of D.L.). He further testified that the EEO investigator told him that the appellant wanted an apology and that he immediately apologized to him in order to make amends. *Id.* The appellant did not file a formal complaint of discrimination. IAF, Tab 7 at 14.

¶15    In the initial decision, the administrative judge found that the appellant's EEO reprisal affirmative defense failed because, although the appellant engaged in EEO activity and the deciding official was aware of the activity, he did not show by preponderant evidence that his EEO activity was a motivating factor in his removal. ID at 21-23. In so finding, she noted that, although the disciplinary actions, up to and including the appellant's removal, closely followed his EEO complaint, they also closely followed his failure to timely complete an assigned task and his other misconduct. *Id.* She further found the proposing and deciding officials to be credible witnesses and credited their testimony that they were not motivated by retaliatory animus in proposing or imposing the appellant's removal. ID at 23. The administrative judge also found that, even if the appellant established the motivating factor element, the agency proved by

---

[3] Because, as discussed below, *supra* ¶ 16, the appellant here failed to prove his initial burden that a prohibited factor played any part in the agency's decision, we do not reach the question of whether discrimination or retaliation was a "but-for" cause of that decision. *See Pridgen*, 2022 MSPB 31, ¶¶20-25, 30.

preponderant evidence that it still would have removed the appellant in the absence of any retaliatory motive. *Id.*

¶16    The appellant argues on review that the administrative judge improperly denied his affirmative defense of EEO reprisal because, even if retaliation for his EEO activity was not the only reason the agency removed him, it was a motivating factor in the agency's decision, as evidenced by suspicious timing, "progressive" discipline beginning after his EEO activity, dissimilar treatment, and statements by D.L. showing retaliatory intent. PFR File, Tab 3 at 15-20.

¶17    As discussed above, the administrative judge found that, on the basis of all the record evidence and hearing testimony, the appellant failed to show that retaliatory animus motivated the agency's decision to remove him. ID at 21-23. The appellant's arguments on review regarding alleged suspicious timing, improper "progressive" discipline, dissimilar treatment, and allegedly retaliatory statements made by D.L., who was not the proposing or deciding official in the removal action, provide no basis to disturb the administrative judge's determination that the appellant failed to show motivating factor by preponderant evidence.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               /s/ for
_____

                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.